The Rev. Robert J. Gallagher, D.Min., J.D.
688 Boston Post Rd. - Unit 103
Marlborough MA 01752

March 24, 2005

Commonwealth of Massachusetts
Office of Consumer Affairs and Business Regulations
10 Park Plaza- Suite 5170
Boston MA 02116

To Whom It May Concern:

You have undoubtedly received a memo from Cheryl Gale, Compliance Manager at Citizens Bank, Riverside, RI 02915-3000, regarding my complaint of its loan practices.

Manager Gale states that **all telephone conversations are recorded** and that the PhoneBank representative quoted the rate on the line of credits to Mr. Gallagher as *prime minus .51%*. She adds: *the APR was 4.74% on the last business day of January.*
Ms. Gale does some fancy footwork and selective recollection.
I challenge Ms. Gale to cite, before the appropriate Board(s), the **entire** telephone conversation which she claims to have on tape.

**Once again, full disclosure is at issue.**

If the **entirety** of that tape were cited, it would indicate that the PhoneBank quoted the figure of 4.74 **not** as the APR for the close of January but as the **then-current February rate.** The so-called taped conversation would also show that I offered to close papers **immediately before the rates rose** but was assured that they would **remain in effect on March 11, 2005-** the date which the bank itself issued for closing.

*I am willing to swear to the above before the appropriate Board(s). Is Citizens willing and able to do the same?*

Mailing out a 34-page, fine-print disclosure booklet does not excuse a bank representative from orally treating its clients with full disclosure, accurate information, professional expertise, and business fairness. Saying one thing and printing another is a violation of *public policy-* and any reasonable person must be able to trust **both oral and written, formal and informal,** contracts.

Ms. Gale, of course, will not wish to disclose the full contents of such a tape-

if it, indeed, exists- but (except for the interest accrued by the AAA VISA card) I am satisfied that the overseers of this bank, i.e., *The Office of Consumer Affairs, The Federal Trade Commission*, and *The Board of Governors of the Federal Reserve System*, have been alerted. *Citizens* now needs to be certain that this kind of complaint doesn't continue with other clients, especially if I am not the first such complainant.

I no longer seek *specific performance* of the loan itself. Except for seeking the interest accrued on the VISA Card debt, this is the kind of bank with which I want nothing further to do.

I find it ironic that *Citizens* has chosen to shoot itself in the foot by losing the business of a 25-year $110,000 loan which initially would have paid off **solely on the interest**- not a nickel toward the principal. What an interesting way of conducting business!

Thank you for your time and attention.

Yours truly,

Robert J. Gallagher

cc  (1) Cheryl J. Gale, Citizens Bank, Riverside RI 02915
    (2) Federal Trade Commission (FTC)
        Bureau of Consumer Protection, Washington, D.C. 20580
    (3) Sarah A. Thornton, Clerk of U.S. District Court, Boston
    (4) Board of Governors of the Federal Reserve System,
        Washington, D.C. 20551