# U.S. District Court
# District of Massachusetts at Boston

Robert J. Gallagher                     Civil No.  05 10612 DPW
Plaintiff

v.

                                    Jury Trial Demanded

Service@NewPharm.net
RalphJordan@NewPharm.net
Defendants

## Motions Subsequent to Issuance of Summons

**Now comes the Plaintiff who moves:**

   **I.** that this Honorable Court take judicial notice of attached request by the plaintiff of the defendants, under FRCP #4, that they **waive Service of Process;**
   **II.** that this Honorable Court take judicial notice of attached **Affidavit** by plaintiff regarding Service of Process;
   **III.** that this Honorable Court permit plaintiff to provide Service of Process on defendants **via publication** if defendants do not respond affirmatively to plaintiff's request for full disclosure of address or to plaintiff's request to waive such Service within 30 days within the U.S. or within 60 days outside of the U.S.;
   **IV.** that plaintiff be allowed to **amend** the Complaint to include the cause of action of violation of *Massachusetts General Law Chapter 93A*, Regulation of Business Practices for Consumer Protection;
   **V.** that plaintiff be allowed to **amend** the Complaint to include the cause of action of violation of state and federal **Whistleblowers Acts.**

### I. Request to Waive Service of Process under FRCP #4

    In addition to the *Rule 4 Duty to Save Costs of Service*, defendants have repeatedly refused to disclose place of business- either physical or mailing address.

### II. Affidavit by Plaintiff re Service of Process

   (1) Whereas Service@NewPharm.net and RalphJordan @New Pharm.net are the addresses at which all communications and transactions transpired between Plaintiff and Defendants; and
   (2) Whereas the only known address for the Defendants are the email addresses noted above; and
   (3) Whereas Defendants NewPharm.net and RalphJordan @NewPharm.net were asked and demanded, in the name of Fair Business Practices and Full Disclosure, to provide business address and mailing address for the purpose of Service of Process on 3/19/05

10:37:31 p.m. without response; and

(4) Whereas the same request and demand have been made of witness and business link Clive D. Wallace of WallCann clive@wallcann.com on 3/27/05 9:37:29 p.m. without response; and

(6) Whereas the same request and demand has been made to named affiliates at affiliates@newpharm.net on 3/27/05 9:45:58 p.m. without response; at linleyw@wallcann.com on 3/27/05 9:39:18 p.m. without response; at melissa@wallcann.com on 3/27/05 9:38:59 p.m. without response ; and at drew@wallcann.com on 3/27/05 9:38:36 p.m. without response ; and

(7) Whereas Plaintiff would be denied the opportunity to serve this Court's own sealed and dated Summons of 3/29/05 were he not allowed to serve Defendants in the only manner he knows;

(8) Plaintiff has engaged Process Forwarding International (PFI), Official Process Server to U.S. Dept. of Justice and U.S. State Dept., to serve this Court's Summons to Defendants at the email addresses cited.

### III. Service of Process on Defendants *via Publication*

If defendants continue to refuse disclosure of business and mailing address; and if defendants refuse to waive service of process within the 30 day / 60 day language of Rule 4, and if the Court rules that email service does not suffice, plaintiff requests the Court allow him to Process Serve via **publication,** as all other reasonable means of Service shall have been exhausted.

### IV. Unfair-Deceptive Acts-Practices Amendment

Plaintiff requests that he be allowed to **amend** the Complaint to include the cause of action of violation of Massachusetts General Law Chapter 93A, Regulation of Business Practices for Consumer Protection, via unfair methods of competition and unfair or deceptive acts or practices in the conduct of their trade and/or commerce.

### V. Whistle Blower-Retaliation Amendment

Plaintiff requests that he be allowed to **amend** the Complaint to include the cause of action of violation of state and federal Whistleblowers Acts via Retaliation against plaintiff's report to the Federal Trade Commission and to other authorities.


Respectfully submitted,

Robert J. Gallagher                    April 15, 2005


### Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above was served upon the following via email on April 6, 2005. P has requested D to provide

business address in order to serve in such manner as well but has been refused, ergo, they have been served at the only known address cited below:

service@newpharm.net
RalphJordan@NewPharm.net
Respectfully submitted,

Robert J. Gallagher, Pro Se                April 15, 2005

## U.S. District Court    District of Massachusetts

Robert J. Gallagher    Civil No. 05 10612 DPW
Plaintiff
v.    Jury Trial Demanded
NewPharm.net
RalphJordan@NewPharm.net
Defendant

### Affidavit re Service of Process

(1) Whereas Service@NewPharm.net and RalphJordan @New Pharm.net are the addresses at which all communications and transactions have transpired between Plaintiff and Defendants; and

(2) Whereas the only known address for the Defendants are the email addresses noted above; and

(3) Whereas Defendants NewPharm.net and RalphJordan @NewPharm.net have been asked and demanded, in the name of Fair Business Practices and Full Disclosure, to provide business address and mailing address for the purpose of Service of Process on 3/19/05 10:37:31 p.m. without response; and

(4) Whereas the same request and demand have been made of witness and business link Clive D. Wallace of WallCann clive@wallcann.com on 3/27/05 9:37:29 p.m. without response; and

(6) Whereas the same request and demand has been made to named affiliates at affiliates@newpharm.net on 3/27/05 9:45:58 p.m. without response; at linleyw @wallcann.com on 3/27/05 9:39:18 p.m. without response; at melissa@wallcann.com on 3/27/05 9:38:59 p.m. without response ; and at drew@wallcann.com on 3/27/05 9:38:36 p.m. without response ; and

(7) Whereas Plaintiff would be denied the opportunity to serve this Court's own sealed and dated Summons of 3/29/05 were he not allowed to serve Defendants in the only manner he knows;

(8) Plaintiff has engaged Process Forwarding International (PFI), Official Process Server to U.S. Dept. of Justice and U.S. State Dept., to serve this Court's Summons to Defendants at the email addresses cited.

Plaintiff swears to all of the above as true in the presence of a duly certified Notary Public.

*[signature: Ans Seymour]*

LUIS SEYMOUR
Notary Public
My Commission Expires 1-21-11

Respectfully submitted,
*[signature: Robert J. Gallagher]*
Robert J. Gallagher    April 6, 2005

## Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above was served upon the following via email on April 6, 2005. P has requested Ds to provide business address in order to serve in usual Service of Process manner but has been refused such information, ergo, they have been served at the only known address cited below:

service@newpharm.net
RalphJordan@NewPharm.net

Respectfully submitted,

*[signature]*
Robert J. Gallagher, Pro Se     April 6, 2005

```
Subj:    (no subject)
Date:    4/14/05 10:26:08 P.M. Eastern Daylight Time
From:    Revdrbob
To:      ralphjordan@newpharm.net, service@newpharm.net
```

---

Forwarded Message:

```
Subj:    cc
Date:    4/14/05 10:16:14 P.M. Eastern Daylight Time
From:    Revdrbob
To:      RonB@ABCLegal.com
```
*Right-click picture(s) to display picture options*

TO: RalphJordan@NewPharm.net
TO: Service@NewPharm.net
From: Robert J. Gallagher
Re: Service of Process under FRCP Rule 4

This memo is a request of you that you waive Service of Process on Complaint 05 10612 DPW and its Summons, dated March 29, 2005 before the United States District Court in Boston.

The request is made under **Federal Rules of Procedure 4 (d):**
**Waiver of Service; Duty to Save Costs of Service; Request to Waive.**
(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);
(B) shall be dispatched through first-class mail **or other reliable means;** (emphasis added);
(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed **(see below);**
(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of failure to comply with the request **(so imbedded in this communication);**
(E) shall set forth the date on which the request is sent, i.e., **April 14, 2005**.
(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and:
(G) shall provide the defendant with an extra copy of the notice and request **(see duplicate below)**, as well as a prepaid means of compliance in writing.( **Lack of defendant's full disclosure as to business and mailing address precludes ordinary means, though defendants may use credit card number already provided in original transaction to reasonably comply with this request in writing).**
If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, **the court shall impose the costs subsequently incurred in effecting service on the defendant** (emphasis added) unless good cause for the failure be shown.
(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.
(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proofs of

service shall be required.
   (5) **The costs to be imposed on a defendant** under paragraph (2) **for failure to comply with a request to waive service of a summons** shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service *(emphasis added).*
   Thank you for your attention in this matter.

   Robert J. Gallagher

cc Clerk of Court Sarah A. Thornton
Attachments Below

+++++++

[Image of handwritten summons form]

UNITED STATES DISTRICT COURT
District of MASSACHUSETTS

ROBERT J GALLAGHER
PLAINTIFF

v.

(SECURE@)
NEWHAVM.NET

RALPHJORDAN@
NEWHAVM.NET

DEFENDANTS

SUMMONS IN A CIVIL CASE

CASE NUMBER: 05 10612 DPW

TO: (Name and address of Defendant)
DEFENDANTS REFUSE TO DIVULGE BUSINESS ADDRESS + MAILING ADDRESS FOR SERVICE OF PROCESS DESPITE FULL DISCLOSURE DEMANDS — EMAIL ADDRESSES VIA WHICH BUSINESS WAS CONDUCTED (SECURE@)NEWHAVM.NET AND RALPHJORDAN@NEWHAVM.NET

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT J. GALLAGHER
658 BOSTON POST RD
UNIT 103
MARLBOROUGH MA 01752

an answer to the complaint which is herewith served upon you, within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                    MAR 2_ 2005
CLERK
(By) DEPUTY CLERK

====================

U.S. District Court
District of Massachusett

Civil No. 05 10612 DPW
Jury Trial Demanded

Robert J. Gallagher
Plaintiff

Service@NewPharm.net
RalphJordan@NewPharm.net

Defendants

## Complaint

Now comes the Plaintiff (P) and states the following:

(1) P is Robert J. Gallagher of 688 Boston Post Rd. East, Unit 103, Marlborough MA 01752.
(2) P is a Massachusetts State-Certified Educator in Administration, Middle School, Elementary School, Math, English, Social Studies, and Latin.
(3) P is an Episcopal Priest in good-standing with the Episcopal Diocese of Massachusetts.
(4) P holds degrees of Doctor of Law (J.D.) '98, Doctor of Ministry '86, Master of Divinity '81, Master of Arts in U.S. History '77, Master of Education '66, and Bachelor of Arts '63.
(5) Defendant (D) NewPharm.net is a licensed Pharmacy advertising "dedicated to bringing you the lowest prices on FDA Approved Medications" with "free online prescriptions, 24/7 customer care, and worldwide free shipping."
(6) More specifically, D is RalphJordan@NewPharm.net who communicated with P via both telephone and inter net email.
(7) P ordered $314 worth of medication online from NewPharm.net on February 8, 2005.
(8) P canceled order within hours when he realized that medication ordered conflicted with blood pressure medication already prescribed.
(9) Pharmacy still sent medications.
(10) P, upon notification to UPS, allowed time to run out for delivery so UPS would return package to seller unopened.
(11) P was charged $314 on VISA card.
(12) P contacted pharmacy frequently for credit.
(13) No reply from pharmacy.
(14) P informed pharmacy P would file FTC Complaint.
(15) No reply from pharmacy.
(16) P filed complaint with Federal Trade Commission (FTC) with copy of complaint to pharmacy.
(17) On 3/10/05 at 7:11 a.m. P received telephone call at his home from Ralph Jordan of NewPharm.net, accusing him of **internet fraud**, i.e., receiving medications from NewPharm.net via UPS and then seeking to be credited.
(18) P informed D that all he need do was contact UPS to verify P's claim that P had never received such medication and had allowed them to be returned to the pharmacy unopened.
(19) When P continued to repeat the same accusation, P informed D that P was hanging up the telephone, which P did.
(20) Seconds later the telephone rang again. P did not answer personally as D obviously had not had the opportunity to contact UPS. Rather, P's answering machine took the call.
(21) D left the following verbatim message: *Mr. Gallagher, This is Ralph Jordan again from NewPharm.net. Unless I receive a letter of apology within the next hour, I'm going to file a complaint with your local police and the FBI for inter net fraud. Other than that, we will sue you for defamation, libel, and false accusation* (Emphasis added).
(22) The message continued: *And on top of all that, we will contact your local paper complaining to them what a reverend you are and what kind of a doctor you are . You are a shame to your religion and a*

*disgrace to your profession I expect an email from you within the next hour apologizing. Thank you.* (Emphasis added).

(23) When P included the names of the pharmacy's advertised links in his complaint to the FTC, a separate email attempted to intimidate P from filing: If our name is any way damaged as a result of your incorrect filing of complaint, you will be black listed with credit card providers and suppliers for fraudulent use of credit card in addition to our seeking damages. This statement was made even after D had learned that P had not defrauded the pharmacy.

(24) D then emailed P, confirming his answering machine message:

*Dear Robert, You placed an order on 8th Feb 2005 and your order was delivered to you by UPS. We have a strict policy of no returns unless there is a problem with the product. We have not received back your order therefore we do not see any reason to cancel your order. I tried to talk to you over the phone but you decided to hang up, therefore I stand by the message I left on your answering machine. We will file a complaint with your local police and the FBI for inter net fraud, we will file with the district court against you for defamation and slander... As for any action you wish to take against me, it will be my pleasure to face you in court. Best regards, Ralph Jordan. New Pharm.*

(25) The email above indicated a cc to consumer@state.ma.us (Massachusetts Consumer Affairs and Business Regulations) and to clivew@wallcann.com.

(26) Clive D. Wallace of WallCann International (clivew@wallcann.com) instructed Jordan to fully refund P after ascertaining that P had, in fact, never received the medication, i.e., had not committed inter net fraud.

(27) Ralph Jordan and NewPharm.net have fully credited P with monies paid.

(28) Nevertheless, NewPharm's rush to judgment and persistence in error, in the person of Ralph Jordan, has caused immense fallout.

(29) D's actions constitutes conduct that is extreme and outrageous and "shocking to the conscience" of an average person in society.

(30) Indicative of the continuing malice of D's statements, to the point of this C/A filing, neither Defendant has made any kind of apology to P nor sent any CC memos indicating a retraction of the statements made to consumer@state.ma.us (Massachusetts Consumer Affairs and Business Regulations) or to clivew@wallcann.com.

(31) When informed of potential litigation in the Courts, Defendant Ralph Jordan has indicated a flippant attitude toward the Courts: (1) **"It will be my pleasure to face you in court;"** (2) **"Anything else?"** (3) **"What do I do now?"** (4) **"Oh, that's so good to know."**

(32) P has verbatim tape and printed downloads of all of the above correspondence.

(33) This Honorable Court has jurisdiction over these matters under: the interstate mailing of FDA-approved medications; The Federal Unfair Debt Collection Practices Act; use of the inter net to falsely accuse, threaten, slander, and harass; and D's punishment of P for exercising P's rights to file a complaint with the Federal Trade Commission.

## Summary

Defendants punished P for filing Complaint with the FTC Federal Trade Commission when P unsuccessfully sought to be credited for medications which he had canceled and which he had not received, allowing delivery to be returned unopened. D purposefully and/or negligently rushed to judgment and persisted in error- charging P with inter net fraud, threatening to report him to his local police and FBI, threatening to smear him in the local newspapers, actually reporting and defaming him to consumer@state.ma.us and to clivew@wallcann.com, and slandering P on P's own home answering machine where P's family could overhear the slur of being **a shame to your religion and a disgrace to your profession**. Indicative of the inherent malice: at the filing of this complaint, neither the pharmacy nor its representative Ralph Jordan has issued any kind of apology or retraction either to P or to any other recipients of these characterizations.

D has performed unfair debt collection practices; flagrantly abused the inter net to falsely accuse, threaten, slander, and harass; and has opted to intentional infliction of emotional distress.

## Relief Sought

Therefore, Plaintiff seeks the following relief:

(1) P is semi-retired, without health insurance of any kind, and requires professional treatment for physical and emotional distress as a result of D's words and actions. Such damages are tenuous at this point but $10,000 is not an unreasonable anticipation of such expenditures for primary care physician and psychiatric treatment.

(2) $100,000 punitive/exemplary damages for violation of Federal Unfair Debt Collection Practice Act,

slander, intentional infliction of emotional distress, and malice in pursuing error even when informed that a mere contact with UPS would settle matters.
   (3) $50,000 punitive/exemplary damages for using the internet negligently and maliciously; and, for punishing P's right to pursue a complaint with the FTC Federal Trade Commission.
   (4) Attorney fees, court costs, and service of process.
   (5) Any other action this Honorable Court may deem right and just.
   Respectfully submitted,

Robert J. Gallagher (Pro Se at this time)           March 19, 2005

===============

## Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above was served upon the following via email on March 19, 2005. P has requested D to provide business address in order to serve in such manner as well.
service@newpharm.net
RalphJordan@NewPharm.net
Respectfully submitted,

Robert J. Gallagher, Pro Se           March 19, 2005


=========== ============================================
## DUPLICATE AS INDICATED UNDER RULE 4
=========== ============================================

TO: Ralph Jordan
From: Robert J. Gallagher
Re: Service of Process

   This memo is a request of you that you waive Service of Process on Complaint 05 10612 DPW and its Summons, dated March 29, 2005 before the United States District Court in Boston.

   The request is made under **Federal Rules of Procedure 4 (d):**
   **Waiver of Service; Duty to Save Costs of Service; Request to Waive.**
   (1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.
   (2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request
   (A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);
   (B) shall be dispatched through first-class mail **or other reliable means;** (emphasis added);
   (C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed **(see below);**
   (D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of failure to comply with the request **(so imbedded in this communication);**
   (E) shall set forth the date on which the request is sent, i.e., **April 14, 2005**.
   (F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and:
   (G) shall provide the defendant with an extra copy of the notice and request **(see duplicate below)**, as well

as a prepaid means of compliance in writing.( **Lack of defendant's full disclosure as to business and mailing address precludes ordinary means, though defendants may use credit card number already provided in original transaction to reasonably comply with this request in writing).**

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, **the court shall impose the costs subsequently incurred in effecting service on the defendant** *(emphasis added)* unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proofs of service shall be required.

(5) **The costs to be imposed on a defendant** under paragraph (2) **for failure to comply with a request to waive service of a summons** shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service *(emphasis added).*

Thank you for your attention in this matter.

Robert J. Gallagher

cc Clerk of Court Sarah A. Thornton
Attachments Below

+++++++

AO 440 (Rev. 10/93) Summons in a Civil Action

## UNITED STATES DISTRICT COURT

District of MASSACHUSETTS

ROBERT J GALLAGHER
PLAINTIFF

SUMMONS IN A CIVIL CASE

V.

(SERVICE @)
NEWPHARM.NET

CASE NUMBER:

RALPHTREDAM@
NEWPHARM.NET

05 10612 DPW

DEFENDANTS

TO: (Name and address of Defendant)

DEFENDANTS REFUSE TO PROVIDE BUSINESS ADDRESS / MAILING ADDRESS FOR SERVICE OF PROCESS, DESPITE FULL DISCLOSURE DEMANDS. EMAIL ADDRESSES VIA WHICH BUSINESS WAS CONDUCTED: SERVICE@NEWPHARM.NET AND RALPHTREDAM@NEWPHARM.NET TO BE

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

ROBERT J. GALLAGHER
688 BOSTON POST RD
UNIT 103
MARLBOROUGH MA 01752

an answer to the complaint which is herewith served upon you, within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON                                           MAR 2 - 2005

CLERK

(By) DEPUTY CLERK

====================

U.S. District Court
District of Massachusett

Civil No. 05 10612 DPW
Jury Trial Demanded

Robert J. Gallagher
Plaintiff

Service@NewPharm.net

Thursday, April 14, 2005 America Online: Revdrbob

## Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above was served upon the following via email on March 19, 2005  P has requested D to provide business address in order to serve in such manner as well.
service@newpharm.net
RalphJordan@NewPharm.net
Respectfully submitted,

Robert J. Gallagher, Pro Se          March 19, 2005