# U.S. District Court Boston, Massachusetts
## District of Massachusetts

Robert J. Gallagher                     Civil No. 05-10612 DPW
**Plaintiff**

v.                                      Jury Trial Demanded

NewPharm Distributors, LLC; Rx-ePharm
Eugene E. Newman, Reg. Agent
Ralph Jordan, Acting Agent and/or Individually-Separately
**Defendants**

## Motion to Amend Complaint

In response to the Court's May 10, 2005 ruling and Order on Motions regarding amending the Complaint itself and complying with the usual means of Service of Process, Plaintiff moves to amend this Complaint as indicated in the Heading and as follows:

## Complaint

**Now comes the Plaintiff (P) and states the following:**

   (1) P is Robert J. Gallagher of 688 Boston Post Rd. East, Unit 103, Marlborough, MA 01752 who is litigating for himself and for the state under a **Qui Tam** and **Whistleblower Claim**.
   (2) P is a Massachusetts State-Certified Educator in School Administration, Middle School, Elementary School, Math, English, Social Studies, and Latin.
   (3) P is an Episcopal Priest in good-standing with the Episcopal Diocese of Massachusetts.
   (4) P holds degrees of Doctor of Law (J.D.) '98, Doctor of Ministry '86, Master of Divinity '81, Master of Arts in U.S. History '77, Master of Education '66, and Bachelor of Arts '63.
   (5) Defendants (D) are NewPharm Distributors, LLC; Rx-ePharm; Eugene E.Newman, Reg. Agent; Ralph Jordan, Acting Agent and/or Individually-Separately who communicated with P at internet electronic mail RevDrBob@aol.com  and at home telephone  508-786-0848 from internet electronic mail RalphJordan @NewPharm.net, from Service@NewPharm.net, from Rehovaot/DrugStoreBestBuys.com http://www.drugstorebestbuys. com, from service@Rx-ePharm.com, and from telephone number 866-890-8629,

verified by P's Caller ID.
   (6) Defendants are registered under Corporate ID # B39894 at 6734 Edinborough Drive, W Bloomfield, MI 48322 as a licensed Pharmacy "dedicated to bringing you the lowest prices on FDA Approved Medications" with "free online prescriptions, 24/7 customer care, and worldwide free shipping."
   (7) P ordered $314 worth of medication online from **NewPharm.net** on February 8, 2005.
   (8) P canceled order within hours when P realized that medication ordered conflicted with blood pressure medication already prescribed.
   (9) Pharmacy still sent medications.
   (10) Upon notification to UPS, P allowed time to run out for delivery so UPS would return package to seller unopened.
   (11) P was charged $314 on VISA card by D.
   (12) P contacted D pharmacy a minimum of five times for credit.
   (13) No reply of any kind from pharmacy.
   (14) P informed pharmacy P would file a **Federal Trade Commission (FTC)** Complaint.
   (15) No reply of any kind from pharmacy.
   (16) On March 8, 2005, P filed Complaint #559196 OMB # 3084-004 with **The Federal Trade Commission (FTC) Bureau of Consumer Protection**- and sent a copy of the Complaint to D.
   (17) Two days later, on March 10, 2005 at 7:11 a.m. , P received telephone call at his home from "Ralph Jordan of NewPharm.net," accusing him of internet fraud, i.e., receiving medications from D via UPS and then seeking to be credited. P's telephone ID noted the source as  866-890-8629.
   (18) P informed D that all he need do was contact UPS to verify P's claim that P had never received such medication and had allowed them to be returned to the pharmacy unopened.
   (19) D continued to repeat the same accusation, P informed D that P was hanging up the telephone, and P hung up.
   (20) Seconds later the telephone rang again. P did not answer personally as D obviously had not had the opportunity to contact UPS. Rather, P's answering machine took the call.
   (21) D left the following verbatim message: **"Mr. Gallagher, This is Ralph Jordan again from NewPharm.net. Unless I receive a letter of apology within the next hour, I'm going to file a complaint with your local police and the FBI for inter net fraud. Other than that, we will sue you for defamation, libel, and false accusation"** (Emphasis added).
   (22) The recorded message continued: **"And on top of all that, we  will contact your local  paper  complaining to them what a reverend you are and what kind of a doctor you are . You are a shame to your religion and a disgrace to your profession I expect  an email from you within the next hour apologizing. Thank you."** (Emphasis added).
   (23) When P included the names of the pharmacy's advertised links in his

complaint to the FTC, a separate email from Clive D. Wallace of **WallCann International** (clivew@wallcann.com) stated: *"If our name is any way damaged as a result of your incorrect filing of complaint, you will be black listed with credit card providers and suppliers for fraudulent use of credit card in addition to our seeking damages."* This statement was made even after D had learned that P had not defrauded the pharmacy.

(24) Within the hour, D emailed P, confirming his answering machine message: *"Dear Robert, You placed an order on 8th Feb 2005 and your order was delivered to you by UPS. We have a strict policy of no returns unless there is a problem with the product. We have not received back your order therefore we do not see any reason to cancel your order. I tried to talk to you over the phone but you decided to hang up, therefore <u>I stand by the message I left on your answering machine</u>. We will file a complaint with your local police and the FBI for inter net fraud, we will file with the district court against you for defamation and slander... As for any action you wish to take against me, it will be my pleasure to face you in court. Best regards, Ralph Jordan. New Pharm."*

(25) The email above indicated a cc to consumer@state.ma.us (**Massachusetts Consumer Affairs and Business Regulations**)- in effect, falsely reporting P to the state authorities- and to clivew@wallcann.com.

(26) Clive D. Wallace instructed Jordan to fully refund P after ascertaining that P had, in fact, never received the medication, i.e., had not committed inter net fraud.

(27) D fully credited P with monies paid.

(28) Nevertheless, in the meanwhile, D's rush to judgment and persistence in error, in the person of Ralph Jordan and those whom he represented, caused immense fallout and indicated a potential risk to other consumers.

(29) D's actions constitutes conduct that is extreme and outrageous and "shocking to the conscience" of an average consumer in today's society.

(30) Indicative of the continuing malice of D's statements, to the date of this Complaint filing, Defendants have made no kind of apology to P nor sent any cc memos indicating a retraction of the statements made to consumer@state.ma.us (Massachusetts Consumer Affairs and Business Regulations) or to clivew@wallcann.com.

(31) When informed of potential litigation in the Courts, Defendant Ralph Jordan indicated a flippant attitude toward the Courts: (1) *"It will be my pleasure to face you in court;"* (2) *"Anything else?"* (3) *"What do I do now?"* (4) *"Oh, that's so good to know."*

(32) P has verbatim tape and printed downloads of all of the above correspondence.

(33) On April 7, 2005, P attempted **Waiver of Service of Process** upon D via **Process Forwarding International (PFI),** Official Process Server to U.S. Department of Justice and U.S. State Department.

(34) On April 13, 2005, P received another live call from a man who identified

himself as (D) Ralph Jordan of NewPharm.net. P readily recognized the voice and characteristic accent. Jordan stated that D was **"well-protected from any complaints with the authorities"** and could be "*as evasive as we want to be*" and that P was *"wasting your time and money trying to hold us responsible"*. D added: "*You can't serve us because we are invisible- so give it up, fucking asshole."* Conversation ended: *"You think you're going to get us but what is really going to happen is we will get you. Drop it or else.*"

(35) On April 13, 2005, at the advice of the *Unlawful Telephone Calls Department of Verizon*, P filed an official Complaint with the **Marlborough, Massachusetts Police Department** as *Telephone Harassment and Unlawful Telephone Calls (Incident 05-7260).*

(36) P files affidavit with this Complaint asserting the above to be true.

(37) This Honorable Court has jurisdiction over these matters under the following: diversity of citizenship; the interstate mailing of FDA-approved medications; *The Federal Unfair Debt Collection Practices Act*; use of the inter net and telephone to falsely accuse, threaten, slander, and harass; and D's retaliation against P for exercising his rights to file a complaint with the Federal Trade Commission and with the United States District Court. Co-jurisdiction also exists re *M.G.L c 93A* addressing unfair or deceptive practices in violation of the *Massachusetts Consumer Protection Act.*

(38) This Honorable Court also has jurisdiction over consumer *Qui Tam* and *Whistleblower Claims* against businesses whose business policies injure the state as well as the consumer. U.S. v. Florida-Vanderbilt Development Corp., D.C., Fla., 326 F.Supp. 289,290. Whistleblowers are entitled to protection from retaliation by provisions of the *Federal Whistleblower Protection Act.*

## Summary

Defendants' actions and policies are of the kind and nature which injure not only the consumer but also *the government*.

Whistleblowers are entitled to protection from retaliation by provisions of the *Federal Whistleblower Protection Act* and via *Qui Tam Claims*.

Defendants retaliated against P for filing Complaint with the **FTC Federal Trade Commission** when P had unsuccessfully sought to be credited for medications which he had canceled and which he had not received, allowing delivery to be returned unopened.

Defendants also harassed P for filing Complaint with **United States District Court**, referring to themselves as *"invisible."*

D purposefully and/or negligently rushed to judgment and persisted in error- charging P with inter net fraud, threatening to report him to his local police and FBI, threatening to smear him in the local newspapers, actually falsely reporting and defaming him to consumer@state.ma.us and to clivew@wallcann.com, and slandering P on his own home answering machine where P's family could overhear the slur of being *"a shame to your religion and a disgrace to your*

*profession."*

Indicative of the inherent malice: at the filing of this complaint, neither the pharmacy nor its representative Ralph Jordan has issued any kind of apology or retraction either to P or to any other recipients of these characterizations. In fact, D has exacerbated the incident via a further telephone call which mocks agencies responsible for curbing this type of business practice.

D has performed unfair and deceptive business and debt collection practices; flagrantly abused the inter net to falsely accuse, threaten, slander, and harass; and has opted to intentionally inflict needless emotional distress.

Finally, Defendants have acted in bad faith by refusing for months to provide business address for *Service of Process* and for *Request of Waiver of Process*. P has been required to perform extensive research in order to find any kind of address other than electronic- which the Court will not permit to satisfy Service requirements.

## Relief Sought

Therefore, Plaintiff seeks the following relief:

(1) $750,000 injury to the government for business practices which unconscionably retaliate against Whistleblowers via unlawful telephone calls and via internet harassment, such Whistleblower Reporters being entitled to protection from retaliation by provisions of the **Federal Whistleblower Protection Act** and under **Qui Tam Claim.**

(2) $100,000 punitive/exemplary damages for violation of Federal Unfair Debt Collection Practice Act, slander, and malice in pursuing error even when informed that a mere contact with UPS would settle matters.

(3) $50,000 punitive/exemplary damages for using the inter net and telephone negligently and maliciously- and for refusing to provide full disclosure of business address and location.

(4) Plaintiff's ongoing medical costs for Defendants' aggravation of high blood pressure and diabetic condition at a time when P is without health care.

(5) Attorney fees, court costs, and service of process fees.

(6) Any other action this Honorable Court may deem right and just.

Respectfully submitted,

*/s/ Robert J. Gallagher/*
Robert J. Gallagher (Pro Se at this time)            July 6, 2005

## Certification

I, Robert J. Gallagher, hereby certify that a true copy of the above and a **Request for Waiver of Service of Process** has been mailed first-class to:

NewPharm Distributors, LLC / Rx-ePharm
Corporate ID # B39894
Eugene E. Newman, Reg. Agent
Ralph Jordan, Acting Agent and/or Individually-Separately
6734 Edinborough Drive
W Bloomfield, MI 48322

Each defendant is receiving this very request for **Waiver of Service of Process** in duplicate via first class mail **and** in duplicate via electronic mail upon which they depend for business. Such request provides all of the necessary data below, including a reminder of the risk they face of incurring the costs themselves.

The following information regarding **Rule 4** is being included in the communication:

**Waiver of Service; Duty to Save Costs of Service; Request to Waive.**

**(1) A defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant.**

**(2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request**

**(A) shall be in writing and shall be addressed directly to the defendant, if an individual, or else to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process) of a defendant subject to service under subdivision (h);**

**(B) shall be dispatched through first-class mail or other reliable means;**

**(C) shall be accompanied by a copy of the complaint and shall identify the court in which it has been filed;**

**(D) shall inform the defendant, by means of a text prescribed in an official form promulgated pursuant to Rule 84, of the consequences of compliance and of a failure to comply with the request;**

**(E) shall set forth the date on which request is sent;**

(F) shall allow the defendant a reasonable time to return the waiver, which shall be at least 30 days from the date on which the request is sent, or 60 days from that date if the defendant is addressed outside any judicial district of the United States; and

(G) shall provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing.

If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

(3) A defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for waiver of service was sent, or 90 days after that date if the defendant was addressed outside any judicial district of the United States.

(4) When the plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required.

(5) The costs to be imposed on a defendant under paragraph (2) for failure to comply with a request to waive service of a summons shall include the costs subsequently incurred in effecting service under subdivision (e), (f), or (h), together with the costs, including a reasonable attorney's fee, of any motion required to collect the costs of service.

Respectfully submitted,

*[signature]*

Robert J. Gallagher (Pro Se at this time)        July 6, 2005